Robert G. Pahlke (to be admitted *pro hac vice*)
THE ROBERT PAHLKE LAW GROUP, PC, LLO
2425 Circle Drive, Suite 200
Scottsbluff, NE 69363
PHONE (308) 633-4444; FAX (308) 633-4445
Email: rgp@pahlkelawgroup.com

Ian K. Sandefer
SANDEFER & WOOLSEY
Trial Lawyers, LLC
143 North Park Street
Casper, WY 82601
PHONE (307) 232-1977; FAX (307) 333-6508
Email: ian@swtriallawyers.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2022 SEP -1 PM 4:47

MARGARET BOTKINS, CLERK
CASPER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TIMOTHY VASQUEZ and KENDRA VASQUEZ, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>BAKER HUGHES ENERGY SERVICES LLC, BAKER HUGHES OILFIELD OPERATIONS LLC and JOHN DOES 1-5,<br><br>Defendants. | Case No. 22-CV-190-SWS |

## COMPLAINT AND JURY DEMAND

Plaintiffs, Timothy and Kendra Vasquez (hereinafter "Tim," "Kendra," or "Plaintiffs"), allege:

1

## Parties-Venue-Jurisdiction

1. Plaintiffs, Tim and Kendra Vasquez, were husband and wife at all relevant times, and are citizens of Natrona County, Wyoming.

2. Defendant Baker Hughes Energy Services LLC (hereinafter "Baker Hughes Energy") was and is a corporation formed under the laws of the State of Delaware with its corporate headquarters in Houston, Texas.

3. Defendant Baker Hughes Oilfield Operations LLC (hereinafter "Baker Hughes Operations") was and is a corporation formed under the laws of the State of California with its corporate headquarters in Houston, Texas.

4. Defendants John Does 1-5 are unidentified at this time, and this Complaint may be amended as the case progresses and in accordance with the Court's order.

5. Baker Hughes's Energy and/or Baker Hughes's Operations employees and agents regularly perform oilfield services in the State of Wyoming, and employees of Baker Hughes Energy and/or Operations were working within the scope of their employment and training at the time of injury to Plaintiffs.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as Plaintiffs and Baker Hughes are citizens of different states and the amount in controversy exceeds $75,000.00.

7. Venue in this case is proper under 28 U.S.C. § 1391(a)(2) as this judicial district is where a substantial part of the acts or omissions giving rise to these claims occurred.

## Factual Allegations

8. Plaintiffs hereby incorporate paragraphs 1-7 by this reference.

9. On April 30, 2020, Tim was working as Production Foreman on a jobsite north of Douglas, Wyoming.[1]

10. Baker Hughes's employees were on the jobsite and were responsible for providing a high-pressure chemical truck, as well as associated fittings and attachments, for the purpose of pushing a chemical mix into a wellhead.

11. Baker Hughes's fittings were connected to a flow line, which was, in turn, connected to Baker Hughes's high pressure chemical truck. Baker Hughes's pump on the truck was rated to 6,000 PSI.[2]

12. Despite Baker Hughes's knowledge and understanding that approximately 2,800 PSI would be moving through its hoses and fittings, Baker Hughes's employees chose to use a swivel fitting rated to handle only 50 PSI.

13. The swivel fitting rated to handle 50 PSI on Baker Hughes's hose was inadequate to handle the approximately 2,800 PSI of pressure flowing through it. Predictably, the swivel failed and blew apart from the pressure, shooting out shrapnel and pressurized gas.

---

[1] The jobsite is more specifically identified as "Boomer 3 Pad, Scott Field."
[2] "PSI" stands for "pounds per square inch."

14. Below is a picture of Baker Hughes's fitting after it exploded from the pressure:



15. The shrapnel and gas hit Tim, who was standing within five (5) feet of the fitting Baker Hughes used on its line.

16. The explosion was so powerful it dazed and disoriented Tim and caused him to immediately lose hearing in both ears.

17. The explosion of the fitting expelled shrapnel and gas with such force that it tore a hole in Tim's hard hat and left stippling on Tim's body similar to a close-range gunshot wound.

18. Baker Hughes was responsible for using proper equipment to guard against injuring workers and others on the jobsite.

19. Baker Hughes represents that it holds safety in high regard; specifically, Baker Hughes states as follows:

> Safety is at the core of our culture, and we are committed to doing the right thing, always, to protect our employees, customers, the communities where we live and work, and the environment.

20. Baker Hughes failed to conduct reasonable inspections of its equipment, failed to use reasonable diligence in selecting the right equipment for the job, or intentionally used the wrong equipment for the job for the sake of expediency.

### First Cause of Action—Negligence/Recklessness.

21. Plaintiffs hereby incorporate paragraphs 1-20 above.

22. Baker Hughes was negligent and/or reckless in one or more of the following particulars:

   a) Failing to use reasonable care in selecting the proper fittings for the job;

   b) Failing to follow industry standards concerning pressurized systems;

   c) Permitting nearly 3,000 PSI to run through a metal fitting rated to handle only 50 PSI; and

   d) Failing to use reasonable care under all the circumstances.

23. As a direct and proximate result of the exploding fitting, Tim suffered permanent hearing loss in both ears, now requiring him to wear hearing aids for the remainder of his life. Tim also suffered, and continues to suffer, from Post-Traumatic Stress Disorder ("PTSD"). Additionally, Tim suffered physical injuries, pain, suffering, and loss of enjoyment of life. Finally, Tim's psychological injuries have limited his ability

to maintain gainful employment in the oil field, and caused him to suffer a loss of wages in the past and a loss of earning capacity in the future.

## Second Cause of Action–Loss of Consortium

24. Plaintiffs incorporate herein paragraphs 1-23 above.

25. Kendra, by virtue of the injuries Tim sustained, has suffered a loss of consortium, including the loss of Tim's services, society, companionship, affection, love, advice, guidance, and/or sexual relations.

## Punitive Damages

26. Plaintiffs incorporate herein paragraphs 1-25 above.

27. Baker Hughes's refusal/failure to properly inspect its equipment and/or its choice to use improper equipment for the job, despite knowing that putting a metal fitting rated to only 50 PSI on a hose that was handling nearly 3,000 PSI had a high probability of resulting in serious injury or death, constitutes willful and wanton misconduct, all of which it committed in reckless disregard of the consequences. Baker Hughes knew, or should have known and reasonably expected, that others would rely upon its choosing and using the right hoses and fittings for the job it was hired to perform. All of Baker Hughes's acts and omissions are such a departure from the ordinary standard of care that Baker Hughes is liable to Plaintiffs for punitive and exemplary damages. Punitive and exemplary damages should be awarded in this matter in an amount sufficient to deter Baker Hughes from failing to perform inspections of its equipment, and/or choosing to use improper and

unsafe equipment, and also to punish it for putting the lives of workers on the jobsite in immediate jeopardy. The amount of the punitive damages shall be proven at trial.

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

1. For an amount that will reasonably compensate Plaintiffs for all injuries and damages, general and specific, past and future, they have sustained;

2. For punitive damages against Defendant according to proof;

3. For Plaintiffs' costs, disbursements, and reasonable attorneys' fees incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

**DATED** and SIGNED this 1st day of September, 2022.

Attorneys for Plaintiffs,

_____
Ian K. Sandefer (WSB #6–4334)
Sandefer & Woolsey
Trial Lawyers, LLC
242 North Park Street
Casper, WY 82601
(307) 232–1977
(307) 333–6508 (F)
Email: ian@swtriallawyers.com

And

/s/ Robert G. Pahlke

---

Robert G. Pahlke (NSBA #13201)
The Robert Pahlke Law Group
2425 Circle Drive, Suite 200
Scottsbluff, NE 69361
(308) 633–4444
(308) 633–4445 (F)
Email: rgp@pahlkelawgroup.com

## Demand for Jury Trial

Plaintiffs hereby demand a trial by a jury of six (6) persons of all issues so triable.

**DATED** and SIGNED this 1st day of September, 2022.

Attorneys for Plaintiffs,

Ian K. Sandefer (WSB #6-4334)
Sandefer & Woolsey
Trial Lawyers, LLC
242 North Park Street
Casper, WY 82601
(307) 232-1977
(307) 333-6508 (F)
Email: ian@swtriallawyers.com

And

/s/ Robert G. Pahlke

Robert G. Pahlke (NSBA #13201)
The Robert Pahlke Law Group
2425 Circle Drive, Suite 200
Scottsbluff, NE 69361
(308) 633-4444
(308) 633-4445 (F)
Email: rgp@pahlkelawgroup.com